UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER ROCKL, JR., | ) |
| Plaintiff, | ) CASE NO. C07-1525-RSM-JPD |
| v. | ) |
| DEPUTY GEORGE ALVAREZ, et al., | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Walter Rockl, Jr., is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants violated his rights under the Fourth, Fourteenth, and Eighteenth Amendments against excessive force, unlawful arrest, and other constitutional violations. He names Deputy George Alvarez and Deputy James Keller of the King County Sheriff's Office as defendants in this matter. Plaintiff seeks actual and punitive damages. Defendants have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court recommends that Defendants' motion be GRANTED and Plaintiff's complaint and this action be dismissed with prejudice.

REPORT AND RECOMMENDATION
Page - 1

## II. BACKGROUND

The incident that gives rise to this action occurred in September 2003. On September 28, 2007, Plaintiff submitted his complaint to the Court, along with an application to proceed *in forma pauperis*. (Dkt. # 1). In his complaint, Plaintiff alleges that around 10:00 p.m., he was cleaning carpets, painting walls, and doing general maintenance in a home for rental purposes when he heard a loud knock at the door. (Dkt. # 4 at 3.) Plaintiff states that when he went to the window to see who it was, someone shined a large flashlight in his eyes. (*Id.*) Plaintiff indicates that he then proceeded to get the owner of the house, and as he proceeded "through the construction for a new window to be installed," an officer told him to freeze and shot him in the back with a tazer. (*Id.*) Plaintiff alleges that after he fell to the floor, Officer Alvarez proceeded to kick him in the face 7-10 times, which resulted in multiple lacerations across his face for which he received 20-30 stitches. (*Id.*) Plaintiff contends that the officer did not state that he was with the King County Sheriff's Office or state why he was there. (*Id.*) Plaintiff further contends that he was dragged by handcuffs into the living room where Officer Alvarez detained him until he found that Plaintiff had no warrants. Plaintiff alleges that Deputy Keller assisted Officer Alvarez in these actions, and that Deputy Keller "was on top of me." (*Id.*)

On November 29, 2007, Defendants filed the present motion to dismiss for failure to state a claim. (Dkt. # 8.) Plaintiff has not filed a response in opposition to the motion. On December 20, 2007, Defendants filed a reply in support of the motion to dismiss, which informed the Court that Plaintiff did not receive a copy of the motion. (Dkt. # 12.) Specifically, Defendants state that the motion to dismiss was mailed to Plaintiff at his last known address at the Washington Corrections Center on November 29, 2007, but the envelope was returned on December 10, 2007, bearing a notation that Plaintiff had been released from prison. (Dkt. # 12 at 2). Defendants further state that defense counsel contacted the Department of Corrections,

which confirmed Plaintiff's release but could not provide a forwarding address. (*Id.*) Defense counsel also unsuccessfully attempted to locate Plaintiff via his probation officer and by searching some standard online databases. (Dkt. #12 at 2-3.)

### III. DISCUSSION

On a motion for dismissal of a complaint under Rule 12(b)(6), all allegations of fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party. *See Jenkins v. McKethen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). The Court may grant a motion to dismiss "[if ]it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief." *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 255 U.S. 41, 45-46 (1956)).

Defendants seek dismissal of Plaintiff's action under Rule 12(b)(6) for failure to state a claim on two independent bases: (1) the action is barred by the statute of limitations, and (2) the claims are precluded because they were previously dismissed with prejudice. (Dkt. # 8 at 1.) Because the statute of limitations is dispositive against Plaintiff, the Court need not address the issue of claim preclusion.

Because Title 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts will apply the forum state's statute of limitations for personal injury actions in § 1983 suits. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2002 (per curiam). State law also governs tolling of the statute of limitations to the extent that such rules are not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 198, 104 L.Ed.2d 582 (1989); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). On the other hand, "[f]ederal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." *Bagley v. CMC*

1  *Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). (citing *Norco Construction, Inc. V. King*
2  *County*, 801 F.2d 1143, 1145 (9th Cir. 1986)).  "A federal claim accrues when the plaintiff
3  knows or has reason to know of the injury which is the basis of the action." *Id.*
4        In Washington, the applicable statute of limitations is three years. *See Bagley*, 923 F2d
5  at 760 (9th Cir. 1991); *Joshua v. Newell*, 871 F.2d 884, 886 (1989) (citing RCW 4.16.080(2)).
6  Here, the incident giving rise to Plaintiff's complaint occurred during September 2003.
7  Accordingly, the applicable limitations period in this case expired three years from that time
8  period, by by September 2006.  However, Plaintiff did not file the present action until September
9  28, 2007, which  was four years after the incident. (Dkt. # 1.)   Thus, Plaintiff's complaint's was
10 untimely unless it was statutorily or equitably tolled.
11       In this case, Plaintiff has failed to allege a basis for statutory tolling, and the Court does
12 not find a basis for equitable tolling. *See Millay v. Cam*, 135 Wash.2d 193, 206, 955 P.2d 791,
13 797 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by
14 the defendant and the exercise of diligence by the plaintiff.").  Additionally, at least sixty (60)
15 days prior to the date of this Report and Recommendation, mail directed by the Clerk to Plaintiff
16 was returned by the Post Office, and Plaintiff has not notified the Court and opposing parties of
17 his current address.  (Dkt. # 16.)

## IV.  CONCLUSION

19       For the foregoing reasons, this Court recommends that Defendants' motion to dismiss be
20 granted, and this action be dismissed with prejudice.  A proposed order accompanies this Report
21 and Recommendation.
22       DATED this 5th day of June, 2008.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4